IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LON CARTER,

        Plaintiff,                    No. CIV S-07-2230 GEB GGH P

  vs.

JAMES TILTON, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983, and court records indicate that plaintiff has paid the $350.00 filing fee in full. Although plaintiff has paid the full filing fee and will not be assessed any further fee, the court herein will permit plaintiff an opportunity to make the required showing pursuant to 28 U.S.C. § 1915(a), within thirty days, so that should plaintiff file an amended complaint (see below), also within thirty days, setting forth colorable claims, and should he make the requisite showing to be granted in forma pauperis status, the court would be able to direct the U.S. Marshal's Office to serve any such amended complaint rather than plaintiff being entirely responsible for service of process.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
4  U.S.C. § 1915A(b)(1),(2).
5           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11 Cir. 1989); Franklin, 745 F.2d at 1227.
12          A complaint must contain more than a "formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
14 speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).
15 "The pleading must contain something more...than...a statement of facts that merely creates a
16 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
17 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this
18 standard, the court must accept as true the allegations of the complaint in question, Hospital
19 Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
20 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.
21 McKeithen, 395 U.S. 411, 421 (1969).
22          Plaintiff names, in various locations, throughout his complaint, the following as
23 defendants: Correctional Officer (C/O) Meraz, Correctional (Corr.) Sergeant (Sgt.) E. Alfaro;
24 Corr. Sgt. D. Calhoun; Corr. Lieutenant (Lt.) D.A. Pina, C/O E.M. Wagner, acting as Avenal
25 State Prison Appeals Coordinator; Erica Weinstein; K.M. Powers; James Tilton, CDCR Director.
26 The gravamen of his complaint is that he was subjected to an excessive use of force, on October

25, 2006, by being handcuffed by defendant Meraz, after plaintiff refused to cooperate when inmates in his dormitory were told to report to an interview/interrogation concerning a prior battery on an inmate, which had occurred weeks before. Complaint, pp. 4, 10, 20-21. After handcuffing plaintiff, defendant Meraz transported plaintiff to the program office, after which he was transported the rest of the way by defendant Calhoun. Id. at 20. Plaintiff appears to conflate what he maintains was a violation of a state regulation, pursuant to Cal. Code Regs. tit.xv, § 3268.2, concerning use of restraints with allegations of a violation of the Eighth Amendment. In any event, on the face of it, the allegations do not show that the use of restraints did violate the state regulation he identifies, in that the regulation sets forth that "transporting a person between locations" is a circumstance under which "[m]echanical means of physical restraint may be used...." Cal. Code Regs. tit.xv, § 3268.2(a)(1). Plaintiff has made clear that he refused an order and was thereafter transported to the program office after being cuffed.

Plaintiff states that en route to the main program office he was questioned by defendant Calhoun and once inside the "main supporting office" by defendant Pina and another officer, but plaintiff continued to refuse to cooperate. Complaint, p. 4. Plaintiff stated that he remained handcuffed and was not released for about two hours. "Some time later plaintiff noticed pain in his thumb." Id. at 5. Plaintiff links no defendant to his allegations that his requests to receive medical treatment for his thumb were unanswered, other than elsewhere conclusorily stating, without providing any factual predicate, that "defendant Erica Weinstein was cr[ue]l and unus[u]al and deliberate and indifferent to plaintiff's serious medical need of treating plaintiff's injured thumb." Id. at 8.

Plaintiff faults defendant Alfaro during his first level interview for failing to document that plaintiff had a swollen thumb in his first level appeal response. Id. On second level appeal, defendant Wagner "cancelled the appeal for claiming residual physical [e]ffects and changing actions requested." Id. However, thereafter non-defendant Appeals Coordinator S.T. Smith later reinstated the appeal, stating that it had been cancelled in error. Id., at 6. Plaintiff

states that thereafter he was subjected to "reprisal from defendant Meraz," but plaintiff fails to state what form any such reprisal or retaliation took.  Plaintiff claims that his refusal to cooperate warranted a CDC-115 Rule Violation Report, rather than handcuffing.  Complaint, p. 10. Plaintiff evidently did receive a CDC-128 B disciplinary chrono for refusing to comply with staff orders, but not the more serious RVR he apparently believes would have been appropriate.  Id. at 21.

Plaintiff's claims simply do not rise to the level of a constitutional violation. Plaintiff does not make a colorable claim with regard to defendant Meraz, the one he believes most culpable for an Eighth Amendment violation, that he was subjected to an 'unnecessary and wanton infliction of pain'" Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986) [citations omitted].  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. at 6-7,112 S. Ct. at 999).

When determining whether the force was excessive, we look to the "extent of the injury..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, supra, at 7, 112 S. Ct. at 999. Plaintiff simply does not make an excessive force claim where he alleges that, after refusing to obey orders, he was handcuffed and transported to a program office to undergo questioning and/or receive some form of verbal or written disciplinary action when, after the handcuffs are removed, he later at some undefined time discovers he has a sore or swollen thumb.   Nor does such a claim arise simply from his being handcuffed for two hours while being questioned. Although at one point plaintiff alleges that he was tightly restrained by the handcuffs, plaintiff neither claims that he was in any pain while restrained, that the restraint was too tight, nor that he informed defendants of any discomfort while he was placed in the handcuffs.  Complaint, p. 34.

This claim will be dismissed but plaintiff will be granted leave to amend.

Nor does plaintiff make a colorable allegation of inadequate medical care for not having been treated for a sore thumb. In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992). In this case, plaintiff wholly fails to meet the threshold of having suffered from a serious medical condition by simply stating that he had a sore thumb. Plaintiff does contend that his thumb became infected or that his injury developed into anything approaching a serious medical condition. Plaintiff's claims of Eighth Amendment violations will be dismissed, but plaintiff will be granted leave to amend within thirty days.

As to his claims for a violation to due process in the processing of his inmate appeals, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a

grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] Plaintiff's due process claims against the defendants will be dismissed but plaintiff will be granted leave to amend.

As to plaintiff's claims against defendants simply in their supervisory capacity, to the extent he even sets them forth, these claims will also be dismissed. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As to plaintiff's claim of retaliation, plaintiff must set forth what conduct constitutes such a claim. In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990). Plaintiff's undeveloped claim of retaliation will be dismissed but plaintiff will be granted leave to amend.

Plaintiff's claims of a Miranda[2] violation by the manner in which he was questioned about the incident about which he refused to talk is simply inapposite in the context of this civil rights action and will be dismissed.

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has paid the filing fee in full and will be assessed no further filing fee; however, plaintiff is granted leave, within thirty days, to make the requisite showing, pursuant to 28 U.S.C. § 1915(a), to proceed in forma pauperis, as set forth above;

2. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner.

\\\\\

\\\\\

\\\\\

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 04/03/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cart2230.b