# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER, | 2:07-cv-2230-LDG |
| Plaintiff, | |
| v. | **ORDER** |
| J. TILTON, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff's initial complaint alleged various § 1983 claims stemming from an alleged use of excessive force on October 25, 2006. All but one of those claims were previously dismissed with prejudice; only plaintiff's Eighth Amendment inadequate health care claim remains in dispute. *See* docket #13. Plaintiff asserts that from October 27, 2006, through February 19, 2007, defendants Stransky and Weinstein "were deliberate and indifferent to plaintiff's serious medical needs" by failing to properly treat his thumb injury.

Defendants have filed a motion to dismiss (#28, response # 29, reply #30). The motion, brought pursuant to Rule 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). Defendants have moved to dismiss plaintiff's complaint on the ground that plaintiff has failed to exhaust administrative remedies prior to filing this action.

The Ninth Circuit has held that the failure to exhaust non-judicial remedies "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion rather than a motion

for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Authority for the "unenumerated" 12(b) motion derives from this court's inherent power to regulate actions, including authorizing motions not explicitly recognized by the rules. *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1119-20. Because no presumption of truthfulness attaches to plaintiff's allegations in such matters, the court may resolve any disputed material facts before proceeding further. *Ritza*, 837 F.2d at 368-69. If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at 1120.

The plain language of 42 U.S.C. § 1997e(a) requires exhaustion of administrative remedies before filing the complaint in federal court. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The Prison Litigation Reform Act (PLRA) requires exhaustion of administrative remedies under all circumstances in § 1983 actions brought by prisoners:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA eliminated "the discretion to dispense with administrative exhaustion and the condition that the appeals process be 'plain, speedy and effective' before exhaustion could be required." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Moreover, Congress mandated exhaustion, regardless of the relief offered through administrative procedures, even where the relief sought by a prisoner cannot be granted by the administrative process. *Id.* at 734. Accordingly, exhaustion of administrative remedies is a prerequisite to suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The State of California provides its prisoners the right to administratively appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Tit. 15, § 3084.1(a) (2011).  To exhaust available administrative remedies, a prisoner must proceed through an initial informal level, and three formal levels of review, culminating in a third-level decision. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  A final decision at the third level satisfies the exhaustion requirement under the PLRA and § 1997e(a). *Id*. at 1237-38.

Here, plaintiff has failed to exhaust the prison's administrative appeals process regarding his inadequate health care claim.  Plaintiff's inadequate health care claim stems from an October 25, 2006, incident in which plaintiff claims he was handcuffed in a way that resulted in a thumb injury.  When plaintiff filed his original appeal regarding the October 25 incident, he did not request relief based on a delay in medical treatment; rather, he specifically requested an explanation as to the use of handcuffs.  When plaintiff filed his appeal at the second level, he attempted to include his thumb injury as part of the requested action.  In its disposition, the prison informed plaintiff that adding a new request for relief was improper and cancelled the appeal in its entirety.  When plaintiff later appealed the cancellation, the prison granted the appeal and reversed cancellation, but only as to the properly requested relief for an explanation as to the use of handcuffs.  Moreover, the prison informed plaintiff that "all other issues added to this appeal [such as the delayed treatment for his thumb injury] will not be addressed as you are attempting to change the original appeal issue and action requested." Prison's Second Level Administrative Response, March 9, 2007.  As a result, plaintiff's deliberate indifference claim for delay in medical treatment was never properly presented or appealed. Accordingly, plaintiff has failed to exhaust the California Department of Corrections and Rehabilitation's administrative process regarding his inadequate health care claim.  Therefore, defendant's motion to dismiss the remaining claim for deliberate indifference to serious medical needs will be granted.

THE COURT HEREBY ORDERS that defendants Stransky's and Weinstein's motion to dismiss (#28) is GRANTED.

DATED this ___15___ day of July, 2013.

_____
Lloyd D. George
United States District Judge